**838**

R. B. GRAY, Appellant,

v.

The STATE of Texas, Appellee.

No. 45797.

Court of Criminal Appeals of Texas.

Feb. 28, 1973.

John W. Overton, Houston, for appellant.

Carol Vance, Dist. Atty., James C. Brough & Ned Morris, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the misdemeanor offense of obstructing a railroad street crossing.[1] The court assessed a $200 fine as punishment.

The complaint alleged that appellant, as an agent and employee of the Houston Belt and Terminal Railway Company and being in charge of a railway train, did cause the railroad train to obstruct a street crossing for a period of time exceeding five minutes in violation of Section 39-9, City of Houston Code, which provides:

"It shall be unlawful for any person *in charge of* any railway train to obstruct a street crossing in the city for a longer period of time than five (5) minutes at one time. . . ." (Emphasis supplied.)

Appellant was the engineer, not the conductor. The conductor of a railroad train is the manager of the train, or it may be expressed that he is the man in charge of the train. See 74 C.J.S. Railroads § 1, page 323, and cases cited therein. See also 47 Tex.Jur.2d, "Railroads," Section 35, page 638. The conductor has charge of the movements of the train; he is responsible for delays and stops of the train.

The record reflects that the appellant was an engineer on the train of the Houston Belt and Railway Company at the time of the alleged offense.

The court, in stating the controlling part of the stipulations, stated: "The sole issue in this matter is who is in charge of the railway train—" and

"THE COURT: It is further stipulated and agreed that there was a conductor on the said train, that said conductor was in charge of the train. . . ."

The record also reflects that there was evidence that the appellant was in communication with the conductor. The prosecutor then made a motion to dismiss the prosecution. This was overruled.

1. The trial was de novo after an appeal from the conviction in the Municipal Court of the City of Houston.

Appellant contends that it was not he as the engineer, but the conductor, who was "in charge" of the train, and therefore, he has not violated the provisions of Article 39–9, supra. We agree.

For the reasons stated, we hold the evidence is insufficient to support the conviction for the offense alleged in the complaint.

The judgment is reversed and the cause is remanded.